## EDMUND ACKROYD *v.* JONATHAN ACKROYD.

In an action for false imprisonment, on an arrest without lawful process, the material averment in the complaint is, that the defendant " unlawfully seized and arrested the plaintiff." The averment of malice and want of probable cause may be treated as surplussage, or as matter merely in aggravation of damages.

A stay of proceedings " until the further order of the court," does not cease to operate until a further order is actually entered.

A mere decision of the motion, in connection with which the stay was granted, endorsed by the judge upon the motion papers, will not operate as a *vacatur*. *Held*, therefore, that the obtaining and issuing of an attachment, pending such

stay of proceedings, was not only unlawful in itself, but sufficient to support a finding of malice in an action for false imprisonment.

An attachment is primary process, and may be granted in the first instance, but not without filing such proof as, if untrue, would subject the party asserting, to prosecution for perjury. Hence an attachment issued upon the mere report of a referee, without proof *by affidavit* of the facts charged, is irregular.

Where an attachment, issued by competent jurisdictional authority, is set aside for irregularity, the party issuing it becomes a trespasser *ab initio ;* and where he appears by counsel, and resists the motion to vacate, he cannot escape liability by throwing the responsibility upon his attorney.

In such a case, where the damages are moderate and scarcely punitive, they should be sustained, without reference to the actual damage.

APPEAL by the defendant from a judgment of the general term of the Marine Court.

The action was brought for false imprisonment. The complaint alleged that the defendant, on the 7th December, 1865, with "malicious intent to injure the plaintiff, and without any reasonable or probable cause therefor, and without any right or authority so to do," unlawfully seized and arrested him, &c.

It appeared that, at the time of the arrest, an action was pending in the Supreme Court, in which Jonathan Ackroyd was plaintiff, and Edmund Ackroyd defendant, for an accounting ; and that, in such action, on the 10th March, 1865, an order was made requiring the plaintiff in this action to render his account before the referee. On the 6th December, 1865, upon proof of service of said order, and the certificate of the referee that said plaintiff had failed to account as required, an order was made that an attachment issue. On the following day the plaintiff was arrested under the attachment. There was no proof, by affidavit, of the facts charged before the court, and no papers were served upon the plaintiff at the time of the arrest. From June 29th, 1865, and until and at the time of procuring the attachment, there was an order staying all proceedings in the action, in which the plaintiff was arrested. On December 22d, 1865, the attachment was vacated and set aside, with costs. The plaintiff had been arrested at Jamaica, L. I., and been brought to New York, and, by reason of the

arrest, been put to the expense of $160, and lost several days from his business. The action was tried before Justice Alker, without a jury, who gave judgment for the plaintiff for $305.94; from which judgment the defendant appealed to the general term of the Marine Court.

*Tracy, Talmadge & Lee,* for appellant.

I. The evidence showed an arrest of the plaintiff upon an attachment, regularly issued out of the Supreme Court, in an action between the plaintiff and defendant. There was no proof that the defendant directed its issue or the arrest.

II. Had the defendant been shown to have directed the arrest, no action for trespass could have been maintained (*Morgan* v. *Hughes,* 2 Term. 232; *Belk* v. *Broadbent,* 3 Term. 92; *Landt* v. *Hilts,* 19 Barb. 283; *Stanton* v. *Schell,* 3 Sand. 323).

III. The action was the former action on the case, for a malicious arrest—an arrest upon " a regular process of a court of competent jurisdiction, maliciously adopted." And to recover, it was necessary for the plaintiff to show want of probable cause and malice in obtaining the attachment from the Supreme Court.

IV. That the attachment was vacated does not show it was irregularly issued, so as to warrant a recovery in an action for an arrest upon void process; nor does it furnish any evidence that it was obtained without probable cause or maliciously.

V. No special damage was alleged.

*Develin, Miller & Trull,* for respondent.

I. The warrant of attachment upon which the plaintiff was arrested and imprisoned, having been vacated, this action for false imprisonment lies (*Chapman* v. *Dyett,* 11 Wend. 31; *Kerr* v. *Mount,* 28 N. Y. 659; *Hayden* v. *Shed,* 11 Mass. 500; *Coddington* v. *Lloyd,* 8 Adolph. & Ellis, 449).

II. The warrant of attachment was irregular and void (3 R. S., 5th Ed., p. 850, § 3; *Smith* v. *Shaw,* 12 Johns. 257; *Com-*

*fort* v. *Fulton*, 39 Barb. 56). It was issued to bring the plaintiff before the court for an alleged contempt of one of its orders. The only proof that he was guilty of such contempt being the certificate of the referee upon which the attachment was issued. This proof was neither sufficient, nor legal. At the time of the arrest there was a stay of proceedings, and the warrant can afford no protection to the party upon whose application it was granted (*McGinnty* v. *Herrick*, 5 Wend. 240).

III. The action is not for malicious arrest, but for trespass by false imprisonment, for the damages sustained by the arrest, without regard to the motives which prompted it.

IV. The allowance of damages was correct (*Blythe* v. *Tompkins*, 2 Abb. Pr. 468; *Williams* v. *Garrett*, 12 How. Pr. 456 ; *Brown* v. *Chadsey*, 39 Barb. 253).

By the Court.—Barrett, J.—This action was not what would formerly have been denominated case, as the appellant claims, but trespass. It was false imprisonment for an arrest without lawful process, and not malicious prosecution. The material averment in the complaint, is, that the defendant "*unlawfully* seized and arrested the plaintiff;" that of malice and want of probable cause may be treated as surplusage or as matter merely in aggravation of damages. The action itself was well brought. The attachment under which the present plaintiff was arrested, was not only irregular but absolutely void. It was issued in violation of a stay of proceedings. The stay was "until the further *order* of the court." It did not cease upon the mere endorsement by the Judge of his decision of the motion, in connection with which it was granted, nor even upon the settlement of the form of the order, but continued in full force until the actual entry. Obtaining and issuing a non-bailable attachment, under such circumstances, was not only unlawful in itself, but sufficient to support a finding of malice, were such proof required.

The attachment was also irregular in having been issued upon the mere report of a referee, without proof by *affidavit* of the facts charged. An attachment, it is true, is primary pro-

cess, and may be granted in the first instance, but not without filing such proof as, if untrue, would subject the party asserting, to prosecution for perjury. The statute is imperative (3 R. S. 5th ed. 850, § 3). Copies of the affidavits must be served where the proceeding is by an order on the accused party to show cause why he should not be punished for his alleged misconduct (*Id.;* see also § 6). Where it is by attachment, they should either be served with the motion papers, or filed, if the attachment be issued in the first instance. This is not altered by the provisions of the Revised Statutes in relation to actions of account (3 R. S., 5th ed. 667, §§ 48–52). Section 52 provides that the referees shall report to the court any neglect or refusal to account or to produce books and papers, and that the court shall proceed thereon " against such party for his disobedience in the manner prescribed in the thirteenth title of the eighth chapter of this Act." The title and chapter referred to are those regulating proceedings as for contempt to enforce civil remedies and the manner of proceeding there prescribed, is, as we have seen, " by due proof by affidavits of the facts charged."

Again, the attachment, even if issued by competent jurisdictional authority, having been set aside for irregularity, the party issuing it became a trespasser *ab initio* (*Chapman* v. *Dyett*, 11 Wend. 31; and see *Kerr* v. *Mount*, 28 N. Y. 659). The conclusion is irresistible that such was the case here. The appellant's claim, that the attachment was set aside on the ground that the present " plaintiff had reason to suppose, from the information of his counsel, that the order to stay proceedings remained in force and excused him from appearing before the referee," is inconsistent with its absolute *vacatur*, with costs, and that, too, on a distinct motion to so vacate, founded upon an affidavit alleging the very irregularities now complained of.

Nor can the defendant escape liability by his present attempt to throw the entire responsibility upon the attorneys. He was named in the writ as plaintiff and relator. Yet, instead of promptly repudiating their action, he appeared by counsel and resisted the motion to vacate. This was *prima facie,* a

sufficient recognition and ratification of the act, especially when it is considered that he was not offered as a witness upon the trial, and did not attempt to testify to any such want of authority.

As to the damages, they were moderate, scarcely punitive, and should be sustained, upon the latter principle, even were all. the evidence of actual damage stricken from the case.

The judgment should be affirmed.