## CUNNINGHAM *v.* EAST RIVER ELECTRIC LIGHT CO.

*(Superior Court of New York City, General Term. January 11, 1892.)*

FALSE IMPRISONMENT—PLEADING.
    To sustain an action for false imprisonment, the complaint must show that the arrest was unlawful. An allegation that the arrest was maliciously procured is insufficient.

Appeal from trial term.

Action by John Cunningham against the East River Electric Light Company for false imprisonment. Judgment dismissing complaint. Plaintiff appeals. Affirmed.

Argued before MCADAM and GILDERSLEEVE, JJ.

*William J. Lacey*, (*William H. Regan*, of counsel,) for appellant. *William H. Kelly*, (*Michael J. Kelly*, of counsel,) for respondent.

GILDERSLEEVE, J. This is an appeal from a judgment rendered at trial term, dismissing the complaint in this action, on the ground that said com-

plaint does not state facts sufficient to constitute a cause of action. The complaint sets forth the cause of action as follows: "That on the 8th day of January, 1890. at the city of New York, said defendant, maliciously intending to injure the plaintiff, procured the plaintiff to be arrested and placed in the custody of a police officer, who compelled the plaintiff to go with him, against the will of said plaintiff, in such custody, through the streets of said city, to the eighteenth precinct police station; and, after being confined there, said plaintiff was taken in such custody to the police court, and was then and there committed to the Tombs prison, and, after being imprisoned and confined in such custody until the 10th day of January, 1890, said plaintiff was conveyed to the court of special sessions in said city, where, the defendant being unable to establish any offense against the plaintiff, said plaintiff was discharged and acquitted." At the commencement of the trial the plaintiff's counsel announced that the action was one for false imprisonment only, and not one for malicious prosecution; whereupon the trial judge granted defendant's motion to dismiss the complaint. Plaintiff then asked leave to amend, which was denied. Plaintiff then asked leave to withdraw a juror, and amend, which request was also denied. To neither of these rulings was any exception taken, so that they present no question for consideration here. After this, defendant asked for an allowance, which was granted, and then plaintiff took an exception to the dismissal of the complaint. The plaintiff was at liberty to combine both an action for false imprisonment and one for malicious prosecution in the same complaint, (see *Marks* v. *Townsend,* 97 N. Y. 590; also *Castro* v. *Uriarte,* 2 Civil Proc. R. 210;) but, as he particularly stated that his action was for false imprisonment solely, we must consider the case from that stand-point alone, (see *Von Latham* v. *Libby,* 38 Barb. 342.) It is well settled that the material allegations in a complaint in an action for false imprisonment, as distinguished from one for malicious prosecution, are that defendant had plaintiff imprisoned, and that the process was unlawful, *i. e.,* without authority of law. See *Ackroyd* v. *Ackroyd,* 3 Daly, 38; also *Castro* v. *Uriarte,* 12 Fed. Rep. 250; *Marks* v. *Townsend,* 97 N. Y. 596. The action cannot be maintained where the process was regular and the arrest under it lawful. See *Nebenzahl* v. *Townsend,* 61 How. Pr. 353; *Landt* v. *Hilts,* 19 Barb. 283; *Sleight* v. *Ogle,* 4 E. D. Smith, 445; *Marks* v. *Townsend,* 97 N. Y. 596; *Reynolds* v. *Corp,* 3 Caines, 267; *Brown* v. *Crowl,* 5 Wend. 298. There is no claim made in the complaint that the arrest was unlawful or the process irregular. As far as the complaint shows, the imprisonment was lawfully effected. The allegation of malice does not help the plaintiff; for, even if the defendant were moved by malice in causing the arrest, unless the process was irregular and unlawful, an action for false imprisonment, as distinguished from one for malicious prosecution, would not lie. See *Sleight* v. *Ogle,* 4 E. D. Smith, 445; also *Von Latham* v. *Libby,* 38 Barb. 339; *Brown* v. *Chadsey,* 39 Barb. 253; *Ackroyd* v. *Ackroyd,* 3 Daly, 38; *Castro* v. *Uriarte,* 2 Civil Proc. R. 214. We are of the opinion that the learned trial judge did not err in his ruling that the complaint does not state facts sufficient to constitute a cause of action for false imprisonment. The judgment appealed from is affirmed, with costs.