### FORTUNE *v.* TRAINOR.

*(Supreme Court, General Term, First Department. June 29, 1892.)*

1. JURY—COMPETENCY—PREJUDICE.
   In an action against the proprietor of a saloon for assault and battery it is improper to ask the jury if any of them "have a prejudice against a man who sells drinks by the glass," as such prejudice would not disqualify a juror.

2. MASTER AND SERVANT—LIABILITY FOR SERVANT'S TORT.
   Where defendant's servant unjustly ejected plaintiff from defendant's saloon, and as a part of the same transaction unlawfully caused his arrest, defendant is liable for the false imprisonment as well as for the assault, though the servant had no authority from defendant to cause the arrest.

Appeal from circuit court, New York county.

Action by T. Thomas Fortune against James Trainor for assault and battery and false imprisonment. Plaintiff had judgment, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Julius Lehmann,* (*Chas. Strauss,* of counsel,) for appellant.   *T. McCants Stewart,* for respondent.

PATTERSON, J.   The plaintiff at the circuit obtained a verdict in this action, the complaint in which contained two counts,—one for assault and battery, and the other for false imprisonment; both wrongs having been perpetrated, as was alleged, by a servant of the defendant while acting within the scope of his duty as such servant.   The answer put in issue the authority of the servant to act in the matters complained of for the defendant, and also contained denials of the facts alleged as constituting the wrongs stated to have been committed.   From the judgment entered on the verdict, and from an order denying a motion for a new trial, this appeal is taken.

The verdict of the jury as the testimony was put before them and under the charge of the trial judge (to which no exception was taken by the defendant's counsel) was fully justified.   Errors of law, however, are claimed to have been made by the judge in his rulings, and the first relates to the exclusion of a question asked by the defendant's counsel of the jurors impaneled to try the cause, and before the case was opened.   It appeared that the plaintiff is a colored man, and the defendant the keeper of a liquor saloon, and the difficulty between the parties originated in the refusal of the defendant's barkeeper to furnish the plaintiff with beer on his applying for it.   The plaintiff's counsel asked the jurors several questions directed to an ascertainment of the condition of their minds as to race prejudice, which questions were properly not allowed to be put.   Thereupon the defendant's counsel asked the jurors collectively: "Has any gentleman of the jury any prejudice against a man who conducts business in which he has a bar, and over which he retails drinks by the glass?"   The judge, on objection, also overruled that question, and the defendant claims he was entitled to an answer to it.   It is the right of every litigant in cases tried before a jury to have a fair, impartial, and unbiased panel, and to interrogate the jurors drawn to ascertain their fitness for service in respect thereto.   Any appropriate question framed to elicit the condition of mind of the jurors respecting the parties or the general subject-matter of the action may be addressed to the panel or its individual members. But where an answer, one way or the other, to a proposed question would not disqualify a juror, it is not error to disallow it.   Here the question related only to the particular business in which the defendant happened to be engaged.   The presumption is that in all other respects the jurors were competent, and had no prejudice, and could render an impartial verdict, for the record discloses nothing further on the subject.   It has been held in this court—fifth department (*De Puy* v. *Quinn,* 16 N. Y. Supp. 710)—that a juror who declared " he did not think much of the business of selling liquor, and was prejudiced against it," was not disqualified, even in an action under the civil damage act, from sitting in a case in which the defendant was a liquor dealer; and it is very aptly said in the opinion of the court: "Had one of the parties been a lawyer, minister, or dealer in stocks, jurors could be found having a prejudice against their business, and yet in a litigation where one of them was a party it would scarcely be claimed that a juror who entertained such prejudice was disqualified for that reason to sit in the case." Here the prejudice referred to in the question, notwithstanding its form, was against the business, and we think no error was committed in sustaining the objection to it.

Another error assigned is that the court was wrong in refusing to dismiss the complaint as to both causes of action.   The principal ground urged in that connection is that it was not proven that one Ennis, who instigated and was charged with having committed the assault, was acting within his employment in doing so, and that, at all events, it was not shown he was authorized to cause the arrest to be made, or to prefer a complaint against the

plaintiff at the police station; and that the defendant is especially not answerable for any wrong done growing out of the second cause of action; and it is argued, in effect, that, inasmuch as the verdict was rendered upon a submission of both causes of action, and it is impossible to know how far the jury were influenced by the testimony respecting the second cause of action, the judgment should be reversed. The motion to dismiss was made at the close of the plaintiff's case, and was renewed on the whole testimony on both sides at the close of the proofs. We think there was enough evidence to show that Ennis' acts are binding on the defendant. He was the manager of the business, and it was for the jury to say whether he acted or not within the scope of his employment. At all events, that question was left to the jury, with instructions not excepted to by the defendant. As matter of law under the particular facts as they appeared in the plaintiff's case, there can be no separation of liability from the initiation of the wrongful acts by the alleged assault and ejection of the plaintiff from the premises down to and including his arraignment and committal by the police authorities. The torts comprised in both causes of action were connected directly with each other. Had they been independent, the defendant would not have been liable for the false imprisonment; but in a case very like that at bar—*Hamel* v. *Ferry Co.*, (Sup.) 6 N. Y. Supp. 102, affirmed 125 N. Y. 707, 26 N. E. Rep. 753—it was held that in an action for assault and battery and false imprisonment the court properly ruled that, if the plaintiff's employe unjustifiably assaulted the plaintiff while acting within the scope of his duty, and as part of the same transaction, and, assuming to act under defendants' authority, caused the plaintiff's arrest, the defendants were liable. The evidence fairly presented the issues, and they were sent to the jury under very full, clear, and satisfactory instructions, and the judgment and order appealed from must be affirmed, with costs. All concur.