(17 Misc. Rep. 86.)

WARREN v. DENNETT et al.

(City Court of New York, General Term.    May 7, 1896.)

1. ACTION—JOINDER—FALSE IMPRISONMENT AND MALICIOUS PROSECUTION.
     Causes of action for false imprisonment and for malicious prosecution may be joined in the same complaint.

2. FALSE IMPRISONMENT—JOINDER WITH ACTION FOR MALICIOUS PROSECUTION.
     Though an action for false imprisonment may be joined in the same complaint with an action for malicious prosecution, both cannot be maintained on the same state of facts.

3. SAME—SUFFICIENCY OF COMPLAINT.
     The complaint in an action for false imprisonment is sufficient though it does not allege that the arrest was "unlawful and without authority of law" if it alleges facts showing that the arrest was of that character.

4. SAME—ABANDONMENT OF CHARGE.
     The abandonment of a criminal charge and a discontinuance of the prosecution is equivalent to a discharge from the accusation.

5. SAME—AUTHORITY OF DEFENDANT'S AGENT TO CAUSE ARREST.

In an action for false imprisonment sufficient authority of defendant's agent is shown where it appears that plaintiff was arrested because of his refusal to pay amount of liability alleged to have been incurred at defendant's restaurant; that defendant was out of the state leaving the agent in full charge, his duties being to furnish food to those desiring it, and to see that the price should be paid, and to perform such other duties as were necessary to the protection of defendant's interest.

Appeal from trial term.

Action by Jason W. Warren against Alfred W. Dennett and another. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

Shaeffer & Burt, for appellants.

George E. Wentworth, for respondent.

McCARTHY, J. This is an action to recover damages for personal injuries, and it is claimed that the complaint presents two distinct causes of action,—one for false imprisonment, and the other for malicious prosecution. It is true that both causes of action can be presented in the same complaint, and are consistent with each other, and the one is not destructive of the other. Marks v. Townsend, 97 N. Y. 590, 594. But both actions cannot be maintained on the same state of facts. Cunningham v. Light Co. (Super. N. Y.) 17 N. Y. Supp. 372; Ackroyd v. Ackroyd, 3 Daly, 38. In the one for false imprisonment the plaintiff must show that the defendant had him imprisoned or deprived of his liberty, and that the mode or process was unlawful, i.' e. without due process of law. He must prove want of probable cause, and malice is presumed. The defendants may, however, disprove malice. In an action for malicious prosecution the plaintiff must prove that the process was regular, and the arrest under it lawful, or by lawful authority acting for itself, and must also prove a want of probable cause, and that the same was malicious. Here malice is not presumed, as in the action for false imprisonment, but must be proven. The complaint here does not allege two separate and distinct causes of action, and therefore our first consideration will be to determine what cause of action is really set forth. From an inspection thereof, we are satisfied that this complaint alleges a cause of action for false imprisonment; the arrest being made by a police officer for an alleged offense not committed in his presence, and the arrest being made at the instigation, direction, and complaint of the defendant Tynan. Burns v. Erben, 40 N. Y. 463, 466. The defendants, however, contend that the complaint does not state facts sufficient to constitute a cause of action for false imprisonment, because it does not contain the words, "unlawful and without authority of law." This is not necessary where it appears from the facts alleged on the face thereof that the arrest was unlawful, and without authority or due process of law. These words are but the conclusions drawn from the facts

presented. Cunningham v. Light Co., supra, where this is clearly laid down. In that case, however, the complaint was dismissed, and rightly so, because the plaintiff did not allege or set forth the acts and occurrences which led to the arrest, and therefore neither alleged nor showed that the arrest was unlawful and without authority of law. This complaint then being sufficient, and alleging a cause of action for false imprisonment, did the plaintiff present evidence to maintain the same? We think he did, and, being one of fact, the question should be submitted to the jury. Thorne v. Turck, 94 N. Y. 90–94.

The defendants also contend that the manner under which the complaint and arrest was terminated, at the police station, before the sergeant, was not sufficient evidence of a termination. In this they are not correct, for an abandonment of the criminal charge, and a discontinuance of the prosecution, either before the police sergeant or magistrate, is equivalent to a discharge from the accusation. Fay v. O'Neill, 36 N. Y. 10–13. There may be some doubt, however, as to the effect of what occurred at the police station,— whether it was a voluntary payment of 10 cents, and a withdrawal of the charge, and thus a friendly settlement and discontinuance of the difficulty, or a payment brought about by fear, threat, coercion, and duress produced by the defendants; for if it was voluntary payment, and a settlement of the difficulty, the plaintiff cannot recover. Atwood v. Beirne (Sup.) 26 N. Y. Supp. 149. But, if it was forced by fear or threat or duress induced or procured by the defendants, it will not relieve them from their liability, and when there is conflicting evidence the proper course is to submit the question to the jury. We have examined these particular points before disposing of the exceptions taken by the defendants to the evidence and to the charge of the trial justice, in order that when the case is tried again the issue shall be plain, distinct, and decisive.

It appears that the plaintiff claimed to be indebted to the defendants in the sum of 30 cents, and no more, and offered to and did pay that sum; but the defendant Tynan, as the manager and representative of the defendant Dennett, and who had sole charge of the same, —Dennett being away in California for four months,—claimed 10 cents additional, which the plaintiff refused to pay. The defendant Tynan held the plaintiff from leaving his establishment, and restrained him of his liberty, and directed some person in his employ to procure an officer, to whom he then related the facts, and directed said officer to arrest the plaintiff. The mere fact of the officer's arresting the plaintiff on a charge not committed in his presence will not relieve the defendant Tynan if he (Tynan) instigated, directed, and commanded, or put in motion the arrest, for he is then liable. Farnam v. Feeley, 56 N. Y. 451, 453. We think that, without particularizing, there was sufficient evidence to maintain this action as one for false imprisonment, and that the arrest was made by the direction, authority, and on complaint, of the defendant Tynan.

At the close of the plaintiff's case, and also at the close of the entire case, the defendants' counsel moved to dismiss the action, among other grounds, upon the following:

"To dismiss the complaint as to the defendant Dennett on the ground that there is no agency alleged in the complaint; that is, not sufficient allegations of agency. To dismiss as to the defendant Dennett on the ground that there is no authorization shown authorizing or directing the arrest of the plaintiff."

This was properly denied, since it appeared that the defendant Tynan was in the employ of Dennett, and had full charge and management of the restaurant in question. This was a restaurant, and the principal was away in San Francisco, and the defendant had full and complete charge in the management of the business during his absence. Among the duties intrusted to the defendant Tynan was to furnish food to those who desired it, and to see particularly that the price fixed by Dennett should be collected and paid, and to perform such other duties in the course of his employment as were demanded for the protection of his employer's interest, and, no doubt, to refuse any one desiring food who would not agree to pay, as well as to compel by such power and force as he could secure in order to bring about the payment by the one who had received and ate his food, and would not pay. We think the case at bar is brought within the principle of Rounds v. Railroad Co., 64 N. Y. 129. Andrews, J., at page 133, says:

"Where authority is conferred to act for another, without special limitation, it carries with it, by implication, authority to do all things necessary to its execution, and where it involves the exercise of the discretion of the servant, or the use of force towards or against another, the use of such discretion or force is part of the thing authorized, and, when exercised, becomes, as to the third person, the discretion and act of the master; and this although the servant departed from the private instruction of the master, provided he was engaged at the time in doing his master's business, and was acting within the general scope of his employment. It is not the test of the master's liability for the wrongful act of his servant, from which injury to a third person has resulted, that he expressly authorized the particular act and conduct which occasioned it." See Palmeri v. Railroad Co., 133 N. Y. 261–266, 30 N. E. 1001; Lynch v. Railroad Co., 90 N. Y. 77–83.

The cases cited by the defendants are all good law, but do not apply here. See, also, Fortune v. Trainor (Sup.) 19 N. Y. Supp. 598–600.

We shall now proceed to review the exceptions presented by the defendants.

The testimony in regard to the plaintiff's seeing articles in the newspaper, and the admission of such newspaper and its reading to the jury, was of course improper; but this was cured by the direction of the court to eliminate from the case the publications in the newspaper, and that the jury should not take that matter at all into consideration, in determining the case, and at the opening of his charge, that they should dismiss it entirely from their minds, and not consider it. But among the exceptions taken by the defendant, and which we deem material, are:

"Q. After such complaints are withdrawn, is it customary, and do you discharge prisoners? (Objected to. Sustained. Exception.) Q. And, acting in that way, are you acting in your official capacity, relating to the discharge of prisoners? (Objected to as immaterial and irrelevant. Sustained. Exception.) Q. Did you speak to her in reference to this particular order? (Objected to. Sustained. Exception.) Q. Did you say anything to the head waitress in reference to this individual, Warren? (Objected to as incompetent, irrelevant, and immaterial. Sustained. Exception.) Q. How did you regard

this particular order that was given by Mr. Warren at the time? (Objected to. Sustained. Exception.) Q. Did you state the facts as to what you served Warren with on that occasion to the head waiter? (Objected to. Sustained. Exception.) Q. Did you honestly. and fairly believe all the facts that you stated to the head waitress on that occasion? (Objected to on the same ground. Sustained. Exception.) Q. Did you have any authority from Mr. Dennett, in any form, to arrest, or cause to be arrested? (Objected to as the answer shows fully and in detail. Question excluded on account of form. Exception.) Q. What did Mr. Dennett say to you, if anything, about causing any one to be arrested? (Objected to. Objection sustained as leading. Exception.) Q. Did you receive any instructions from Mr. Dennett, in any form, to cause an arrest? (Objected to. Sustained. Exception.) Q. What did she say to you? (Objected to. Excluded. Exception.) Q. Did you believe what this head waitress stated to you? (Objected to. Sustained. Exception.) Q. Did you also receive a statement from the other waitress that waited on him? (Objected to. Sustained. Exception.) Q. Have you any hard feeling or ill will against the plaintiff? (Objected to. Sustained. Exception.)"

Again the court was requested to charge, among others, the thir-teenth:

"That probable cause is such a state of facts in the minds of the prosecution as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested was guilty. (Declin-ed so to charge. Exception.) That the court withdraw from the consideration of the jury the claim for damages by reason of malicious prosecution. (De-clined. Exception.) That the plaintiff cannot recover by reason of any claim for malicious prosecution, as there is no evidence upon which to base an action for malicious prosecution. (Declined. Exception.)"

These rulings are erroneous (English v. Major, 12 N. Y. Supp. 935; McCormack v. Perry, 47 Hun, 71; Rosen v. Stein, 54 Hun, 181, 7 N. Y. Supp. 368; McKown v. Hunter, 30 N. Y. 625; Kerrains v. People, 60 N. Y. 221–228); and for which the judgment and order are hereby reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.