## SIMMON v. BLOOMINGDALE.

(City Court of New York, General Term.   January, 1903.)

1. FALSE IMPRISONMENT—ARREST BY SERVANT—LIABILITY OF MASTER—PRIVATE INSTRUCTIONS.

Where a salesman in the employ of defendants in their department store caused the arrest of plaintiff on a false charge of having fraudulently collected money due to defendants, and the act of the salesman was ratified by the general manager of their business, defendants were liable for the false arrest and imprisonment, though such employé may have departed from the private instructions of defendants.

2. SAME—EVIDENCE—CONVERSATIONS.

In an action against defendants for false imprisonment, caused by their agents, conversations held between such agents not in plaintiff's presence were not admissible in evidence.

Appeal from Trial Term.

Action by Henry Simmon against Lyman G. Bloomingdale. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McCARTHY, DELEHANTY, and SEABURY, JJ.

Hays & Hershfield (Daniel P. Hays, of counsel), for appellant.

Samuel Strasbourger (Emanuel Eschwege, of counsel), for respondent.

McCARTHY, J.   This is an action to recover damages for false imprisonment.   The defendant is the proprietor of a department store doing business under the name of Bloomingdale Bros.   On June 22, 1901, plaintiff applied at the store of the defendant for a position, and was refused employment. After leaving the store, he met one Weyl, who was an employé of the defendant: It appears that the defendant had placed certain awnings in the house of a Mrs. Fisher. Some one had subsequently called upon Mrs. Fisher, claiming to represent the defendant, and demanded payment for the work done. Mrs. Fisher paid this person, who, in fact, had no connection with the defendant.   On the morning of the day that the plaintiff applied for work, one Rosenberg, a salesman in the employ of the defendant, caused the arrest of the plaintiff and Weyl.   There was also testimony to the effect that Mr. Schwab, who was the superintendent and general manager of the defendant's business, directed Rosenberg to press the charge against the plaintiff after the arrest had been made, although this was denied by Schwab.   Mrs. Fisher failed to identify the plaintiff or Weyl as the person to whom she had paid the money for placing the awnings, and they were both discharged by the city magistrate before whom they had been brought.   The jury returned a verdict of $600 in favor of the plaintiff.   The defendant contends that Rosenberg, who was merely a salesman in his employ, had no authority, express or implied, to cause the arrest of the plaintiff.   Without considering the extent of Rosenberg's authority, we think there can be no doubt that, as his act was ratified by Schwab,

¶ 2. See Evidence, vol. 20, Cent. Dig. § 1087.

who was the superintendent and general manager of the defendant's business, the defendant was liable for it.   There was direct testimony as to the ratification by Schwab, and, while it was contradicted by Schwab, the verdict of the jury has settled this question in favor of the plaintiff.   We think, therefore, that the defendant was clearly liable for the act of his agent in causing the arrest.   Stevens v. O'Neill, 51 App. Div. 364, 64 N. Y. Supp. 663; Dupre v. Childs, 52 App. Div. 306, 65 N. Y. Supp. 179; Warren v. Dennett, 17 Misc. Rep. 86, 39 N. Y. Supp. 830.

We think that the rulings of the court excluding conversations held' between the agents of the defendant, which were not had in the presence of the plaintiff, were correct, as not binding upon him.   These conversations were attempted to be introduced to show that Rosenberg and Schwab were without authority to make the arrest, but if they were then engaged in their master's business, and acting within the general scope of their employment, even if they departed from the private instructions of the master, the defendant would nevertheless be liable.   Rounds v. D., L. & W. R. R. Co., 64 N. Y. 129, 21 Am. Rep. 597.

We have carefully examined this record, but find no error which would justify a reversal of the judgment entered upon the verdict of the jury.   The judgment is affirmed, with costs.

Judgment affirmed, with costs.   All concur.