HARDING v. EVANS.

(Supreme Court, Appellate Division, Third Department. September 14, 1910.)

1. JUSTICES OF THE PEACE (§ 84*)—EXECUTION—APPEARANCE BY ATTORNEYS.

Attorneys at law are not recognized as such in justices' courts, nor in issuing executions on judgments of justices after transcripts thereof have been filed in the office of the county clerk; such executions being issued by the county clerk, as required by Code Civ. Proc. § 3017, without action by an attorney.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 266–278; Dec. Dig. § 84.*]

2. FALSE IMPRISONMENT (§ 23*)—KNOWLEDGE OF ARREST—EVIDENCE.

Defendant, through an attorney, recovered a judgment against plaintiff in a justice's court, and the justice issued a transcript reciting that plaintiff was liable to execution against his person. The transcript having been filed in the county clerk's office, and an execution against plaintiff's property having been returned unsatisfied, defendant's attorney procured an execution against plaintiff's person, under which plaintiff was detained for several days until discharged on a writ of habeas corpus. Defendant had notice of the habeas corpus proceedings, and appeared therein not personally, but by the same attorney, who subsequently prosecuted appeals to the Appellate Division and to the Court of Appeals from an order discharging plaintiff from imprisonment because the action was not such as gave the justice jurisdiction to render a judgment authorizing a body execution. Held, in an action for false imprisonment, that defendant's appearance and the prosecution of the appeals was only prima facie a recognition and ratification of the acts of his attorney, and defendant was entitled to show that he did not know that the execution against plaintiff's person had been issued, and that he was not responsible for the arrest.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 100; Dec. Dig. § 23.*]

Appeal from Trial Term, Ulster County.

Action by Fred Harding against George W. Evans. From a judgment for plaintiff, and from an order denying defendant's motion to set aside the verdict, he appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Dill & Cox (Charles H. Stage, of counsel), for appellant.
Joseph M. Fowler, for respondent.

COCHRANE, J. This is an action for malicious prosecution and false imprisonment. The defendant Evans recovered a judgment against Harding, the plaintiff herein, in justice's court. The justice issued a transcript of the judgment reciting that Harding was liable to an execution against his person, which transcript was filed in the office of the county clerk. An execution on such judgment against the property of Harding having been returned unsatisfied, an execution against his person was issued, under which execution the sheriff took him in his custody, and detained him in the county jail 11 days, when he was discharged by the county judge on a writ of habeas corpus. Evans was given notice of the habeas corpus proceeding under

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

section 2038 of the Code of Civil Procedure and appeared by attorney. The order of discharge in that proceeding recites:

"That the nature of the action in which said execution issued was not such as gave the justice of the peace jurisdiction to render a judgment authorizing a body execution."

If the complaint in justice's court had been received in evidence on the trial in this action, it is probable that it would appear therefrom independently of the habeas corpus proceeding that the action in justice's court was not such as justified a body execution. Plaintiff has recovered damages for injuries due to the foregoing facts. The only question left to the jury by the trial court was the assessment of damages.

On the trial of this action, Evans endeavored to prove that he did not know that an execution against the person of Harding had been issued, and that he was not responsible for the arrest. The learned trial justice excluded this evidence, holding as matter of law that Evans was responsible for the acts of the attorney who issued the execution. This attorney appeared for Evans in justice's court. The justice sent to the attorney the transcript of the judgment, and the latter filed it and caused the execution to be issued. Attorneys at law are not recognized as such in justice's court, nor in issuing executions on judgments of justice's court after transcripts thereof have been filed in the office of the county clerk. The statute requires that such an execution shall be issued by the county clerk. Code Civ. Proc. § 3017. That is the practice which was here followed. The name of no attorney is attached anywhere to the execution. There is no evidence that Evans knew that an execution had been issued until he received notice thereof in the habeas corpus proceeding. It is true that he appeared in that proceeding not personally, but by the same attorney who had caused the execution to be issued, and that appeals were subsequently taken to this court and to the Court of Appeals from the order in that proceeding discharging Harding. Such acts were prima facie a recognition and ratification by Evans of what had been done. Ackroyd v. Ackroyd, 3 Daly, 38, 42; Sperry v. Reynolds, 65 N. Y. 179, 183. In the latter case it was said:

"When an attorney appears there (in a court of record) for a party the presumption is that he was authorized and the party asserting that the appearance was unauthorized must show it if he claims any relief on that account."

Hence, although there was a presumption from the habeas corpus proceeding and the appeals therein that Evans had authorized the arrest, he was not thereby concluded, but should have been given the opportunity to establish if he could that such arrest was in fact unauthorized by him. There is no evidence that he knew the habeas corpus proceeding was being opposed, or that he knew that appeals therein were being prosecuted. The statute does not require that the notices of appeal in such proceeding or any undertaking therein should be signed or executed by the appellant. It is possible that those appeals were being conducted and prosecuted without his knowledge or authority, and even against his express instructions.

As the error above indicated necessitates a new trial, it is unnecessary now to consider the other questions raised by the appellant.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

