[No. 2374]

## J. B. DIXON, APPELLANT, v. CITY OF RENO, GEORGE C. BRYSON, AND JOHN D. HILL-HOUSE, RESPONDENTS.

[187 Pac. 308]

1. FALSE IMPRISONMENT—COMPLAINT INSUFFICIENT.
   In an action for false imprisonment, a count based on lack of jurisdiction of a municipal court *held* insufficient, in that it failed to allege facts showing wherein municipal court was without jurisdiction; plaintiff · having stated that he was arrested and proceeded against on a warrant issued upon a complaint filed with a duly constituted magistrate.

2. PLEADING—CONCLUSION OF PLEADER.
   Allegation in an action for false imprisonment that municipal judge "had no jurisdiction or power" is not a statement of facts, but a conclusion of the pleader.

3. MALICIOUS PROSECUTION—COMPLAINT MUST ALLEGE WANT OF PROBABLE CAUSE.
   A count of complaint *held* to amount to an action on the case for the malicious arrest and imprisonment of the plaintiff in the nature of a conspiracy and to be insufficient where it failed to allege want of probable cause.

4. CONSPIRACY—COMMON-LAW ACTION OBSOLETE.
   The common-law action of conspiracy is obsolete, and in lieu thereof an action on the case in the nature of a conspiracy has been substituted.

5. CONSPIRACY—JUDGMENT—JUDGMENT AGAINST JOINT DEFENDANTS.
   In an action for false imprisonment, judgment may be entered against a single defendant, though the conspiracy charged be not proven; but it cannot be entered against joint defendants without such proof.

6. ACTION—THERE MAY BE JOINDER OF COUNTS IN CASE AND TRES-PASS.
   In an action for false imprisonment to include in one action a count in case and count in trespass, the counts must arise from the same state of facts.

COLEMAN, C. J., dissenting in part.

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett*, Judge.

Action by J. B. Dixon against the City of Reno and others. Judgment for defendants, and plaintiff appeals. **Affirmed and remanded. Petition for rehearing denied.**

*J. M. Frame,* for Appellant:

"Normally any and every natural person, including legislators, and irrespective of his public or private

character or his personal status or personal relationship, is liable in an action for false imprisonment whenever such person appears to have unlawfully detained another." 19 Cyc. 332, 333, 335, 336. Judicial officers are exempt from liability only when clearly within the pale of their authority. 19 Cyc. 333; 23 Cyc. 568. "The weight of authority is still to the effect that such inferior judges are liable where they attempt to exercise authority where they have none, or assume jurisdiction without any power. 23 Cyc. 569.

Under general demurrers no point can be considered except the single one of whether or not there are sufficient facts set up to constitute a cause of action in favor of the plaintiff and against defendants. Rev. Laws, 5040, 5041, 5065, 5066. The complaint is in accordance with the provisions of the statute. It states all such facts as are necessary to constitute a cause of action against all defendants. 3 Sutherland, Cr. Pl., secs. 3838–3852; 8 Ency. Pl. & Pr., pp. 841–849; 19 Cyc., pp. 319–343; 2 Bates, Pl., secs. 560–565; Strozzi v. Wines, 24 Nev. 389.

The chief changes in the amended complaint, in the first cause of action, consist in the averments that defendant Bryson, being without jurisdiction or power, acted merely as a private individual; and that defendant Hillhouse was an officer of the municipal court, and had notice and knowledge that appellant, as defendant in the municipal court, had objected to and called in question and denied the jurisdiction of the municipal court and of the defendant Bryson. Telefsen v. Boughton, 5 Wend. 170; Piper v. Pearson, 2 Gray, 120; Clarke v. May, 2 Gray, 410; Allison v. Rheam, 3 S. & R. 137; Wachsmuth v. M. N. Bank, 96 Mich. 426.

The second cause of action does not set out the proceedings in the municipal court, but proceeds more on the lines of a common-law action. This is the better form of complaint. 1 Estee, sec. 1649; 1 Kinkead, Pl., sec. 560; 2 Bates, Pl., secs. 1657–1661; 19 Cyc. 357–359; 8 Ency. Pl. & Pr. 842–849.

*W. D. Jones, for* Respondents:

The original, as also the amended, complaint fails to state anything but conclusions. "Unless the matters averred show the acts complained of to be unlawful or wrongful, such words are superfluous verbiage." Going v. Dinwiddie, 86 Cal. 638; Pratt v. Gardner, 48 Am. Dec. 652; Harness v. Steele, 159 Ind. 286.

The city of Reno is not liable in the action. Little Rock v. Willis, 27 Ark. 572; Parks v. Greenfield, 44 S. C. 168. The city is not liable for false imprisonment. 4 Dillon, sec. 1656; 28 Cyc. 1300. "The general rule exempting municipal corporations from liability in tort for conduct in the performance of governmental functions resulting in damages to individuals extends to improper arrests made under police power by constables or police officers generally." 19 Cyc. 336; Ex Parte Dixon, 161 Pac. 737; City v. Prunelle, 46 Pac. 949.

The demurrers were properly sustained. "The common law affords to all inferior tribunals and magistrates complete protection in the discharge of their official functions, so long as they act within the scope of their jurisdiction, even though it is alleged that the acts complained of were done maliciously and corruptly." 15 R. C. L., sec. 33, p. 547–549; 23 Cyc. 568; 19 Cyc. 333, 334.

The judgments in favor of the defendants are correct. Lake Bigler R. Co. v. Bedford, 3 Nev. 403.

By the Court, SANDERS, J.:

This is an action to recover damages for false imprisonment. To the original complaint a separate demurrer was filed by each of the defendants, and after argument said demurrers were sustained. The plaintiff filed an amended complaint, wherein it was attempted to state two causes of action, to which general demurrers were filed by each of the defendants and sustained by the court. Thereupon judgment was entered in favor of the defendants and against the plaintiff. Plaintiff appeals.

1. The first cause of action of the amended complaint

alleges that the defendant city of Reno caused plaintiff to be arrested on a warrant issued by the defendant Bryson, judge of the municipal court of said city, upon a complaint sworn to by its assistant city clerk; that thereafter he was brought to trial upon said complaint, over his objection to the jurisdiction of such court to hear and determine the matter complained of; that the defendant Bryson wrongfully and unlawfully pretended to assume jurisdiction, and heard and received certain evidence upon such trial and adjudged plaintiff guilty of a misdemeanor, and that he be fined in the sum of $25, and in default of the payment thereof that he be imprisoned for the term of twenty-five days, and that the said Bryson did thereupon issue and deliver to the defendant Hillhouse a warrant of commitment without having jurisdiction or power so to do; that thereafter the defendant Hillhouse did unlawfully and wrongfully arrest and imprison plaintiff and deprive him of his liberty; that at all such times the said Hillhouse was chief of police of said city. of Reno; and that prior to and at the time of such arrest and imprisonment he had notice and knowledge that plaintiff had objected to the jurisdiction of said municipal court and of the defendant Bryson.

It is further alleged that the complaint upon which plaintiff was arrested and tried charged the breach of an ordinance of the city of Reno; that prior to the trial plaintiff filed with said Bryson a motion to set aside the complaint upon which he had been arrested, and afterwards filed a demurrer thereto, in which the validity of said ordinance was raised and the jurisdiction of said court and Bryson to try said plaintiff on said complaint was questioned.

Other matters are alleged for the evident purpose of forming the basis for punitive damages. The allegation of the said first cause of action of the amended complaint, wherein it is sought to charge the lack of jurisdiction of the municipal court of Reno, and the

defendant Bryson, as the magistrate thereof, is as follows:

"Plaintiff avers that said court and said defendant Bryson had no jurisdiction or power to try plaintiff on said complaint or charge, and had no jurisdiction or power to adjudge plaintiff guilty or to impose upon him any fine or penalty or imprisonment or to issue any warrant of commitment of plaintiff; but that in the action he took as aforesaid, he was merely a private individual."

2. The so-called first cause of action does not state a cause of action, for the reason that it fails to allege facts showing wherein the municipal court was without jurisdiction. The mere allegation that the said court and Bryson "had no jurisdiction or power" is not a statement of facts, but merely a statement of a conclusion of the pleader. The plaintiff having stated that he was arrested and proceeded against upon a warrant issued upon a complaint filed with a duly constituted magistrate, it was incumbent upon him to plead facts showing the lack of jurisdiction of such magistrate to entertain such proceedings, and, failing to do so, the so-called first cause of action of the amended complaint is not good. This question was determined by the Supreme Court of California in Going v. Dinwiddie, 86 Cal. 633, 25 Pac. 129, the court saying:

"It is clear that the acts complained of were done by the defendant in his official capacity as a judicial officer, and there is no averment, in terms, that said acts were without or in excess of his jurisdiction, nor are any facts averred from which such want of jurisdiction appears. And that a judicial officer is not liable for acts done in his official capacity and within his jurisdiction is as thoroughly established as any other principle of law. One of the best expositions of that principle is found in the opinion of Shaw, C. J., in Pratt v. Gardner, 2 Cush. (Mass.) 68, 48 Am. Dec. 652. This court has also had frequent occasions to state the principle. Downer v.

Lent, 6 Cal. 94, 65 Am. Dec. 489; Turpen v. Booth, 56 Cal. 68, 38 Am. Rep. 48."

In the case of Barker v. Anderson, 81 Mich. 508, 45 N. W. 1108, the court declared the general rule to be that in an action for damages for false imprisonment it is necessary to show only that the plaintiff had been imprisoned or restrained of his liberty, for the reason that it must be presumed that such restraint was illegal; but, when the plaintiff shows that such restraint was exercised pursuant to a complaint made before a magistrate, the issuing of a warrant thereupon, and a trial and conviction, the burden then rests upon the plaintiff to show facts entitling him to recover. See, also, Snow v. Weeks, 75 Me. 105; Petit v. Colmery, 4 Pennewill (Del.) 266, 55 Atl. 344; Barhydt v. Valk, 12 Wend. (N. Y.) 145, 27 Am. Dec. 124.

3. The plaintiff, for a second cause of action, alleges:

"(B) That the defendants city of Reno, George C. Bryson, and John D. Hillhouse conspired together against the plaintiff to deprive him of his liberty, and did, on or about the 5th day of July, 1916, unlawfully and wrongfully deprive the plaintiff of his liberty and kept him so deprived, against his will and protest, for a long time thereafter, and did jointly, unlawfully, and wrongfully, cause him to be arrested and imprisoned for a long time thereafter; and did thereafter, on or about the 23d day of August, 1916, further jointly, unlawfully, and wrongfully, deprive the plaintiff of his liberty and kept him so deprived of his liberty for a long time; and did jointly, unlawfully, and wrongfully and against the plaintiff's will and protest, conspire together and cause the plaintiff to be assaulted, arrested, and imprisoned for a long time thereafter."

4-6. To acquaint the court with the full meaning and purport of the charge, counsel for appellant points out in his brief that paragraph B proceeds more on the lines of a common-law action, and resembles more a mere second count in a common-law declaration. The common-law action of conspiracy is obsolete, and in lieu

thereof an action on the case in the nature of a conspiracy has been substituted. 5 Standard Ency. 321.

The principal authorities maintain that the allegation of conspiracy is mere matter of aggravation, and need not be proven, except to fix the liability of several defendants, and does not change the nature of the action from one purely on the case, subject to all the settled rules of such action. Porter v. Mack, 50 W. Va. 581, 40 S. E. 459; 5 Standard Ency. 523. Judgment in such action may be entered against a single defendant, though the conspiracy charge be not proven; but it cannot be entertained against joint defendants without such proof. Herron v. Hughes, 25 Cal. 560. The second count being, therefore, in case and the first in trespass, to be included in the one action they must arise from the same state of facts. 8 Standard Ency. 967. As the second count contains no statement of facts, other than the composite statement that the defendants did conspire together and cause the plaintiff to be assaulted, arrested, and imprisoned, we are impelled to infer that the second count, in short, is intended to charge that the defendants conspired to cause the unlawful use of a criminal proceeding, detailed in the first cause of action, to bring about the arrest and imprisonment of plaintiff. Such count amounts to an action on the case for the malicious arrest and imprisonment of the plaintiff in the nature of a conspiracy, and to make it good it must contain the essential elements of such action, including want of probable cause as showing the unlawfulness of the acts charged to have been done. Porter v. Mack, supra; 5 R. C. L. 1103. For answer to this proposition, it will not do to say that the conspiracy charged is a mere conclusion and not the statement of a fact, for the reason that the count is founded on the conspiracy, and it is necessary to prove a previous combination between the defendants in order to secure a joint recovery. Herron v. Hughes, supra.

Counsel for appellant takes the position that the second count is for all intents and purposes a distinctive

trespass. The difficulty with this contention is that, as the two counts arise from the same state of facts, two distinct causes of action are deducible therefrom. One is for the arrest and imprisonment of plaintiff arising out of an alleged criminal prosecution, and the other is for the unwarranted combination of defendants to corruptly use such criminal proceeding to deprive plaintiff of his liberty. One is in trespass and the other in case. As the first count is insufficient, because it does not state facts showing wherein the municipal court was without jurisdiction, the second is insufficient in that it does not state facts showing that the criminal proceeding instituted and carried on by the defendants was without probable cause. The mere use of the words "wrongful" and "unlawful" are mere conclusions of the pleader, and standing alone are not enough to show that the acts complained of were unlawful, in the absence of a statement of facts from which such conclusion legitimately may be drawn. Warren v. Dennett, 17 Misc. Rep. 86, 39 N. Y. Supp. 830; Cunningham v. Light Co. (Super. Ct.) 17 N. Y. Supp. 372.

The separate demurrers to the complaint are sustained, and the case is remanded, with leave to plaintiff to amend, if deemed advisable.

COLEMAN, C. J., dissenting in part:

I concur in the opinion of my esteemed associates as to the first cause of action, but cannot give my approval to the legal conclusion reached in regard to the force and effect which should be given to the second cause of action. It was demurred to generally in the lower court as a separate and distinct cause of action, and has been so treated by counsel in this court. If we are to accept the interpretation of counsel for plaintiff as correctly expressing the idea of the pleader in preparing the complaint, there was no intention to charge a conspiracy, for it is said in their opening brief: "This is an action for false imprisonment." It is my opinion that, in testing the force and effect of a pleading when attacked by a

general demurrer, we are limited to a consideration of the pleading alone, and, if such pleading states a cause of action upon any theory whatever, the demurrer should be overruled. So, in ascertaining the force and effect of the second cause of action, to which a general demurrer was filed and sustained, we should ask ourselves: Does it, independent of the first cause of action, charge an offense? Stripped of the words "conspire" and "conspired," which of themselves are words of mere legal conclusion, it charges that the defendants did deprive the plaintiff of his liberty, against his will and protest. Since, as pointed out in the opinion, it is presumed that every restraint of one's liberty is unlawful, defendant's allegation of the restraint of his liberty is sufficient to constitute a cause of action against the individual defendants for false imprisonment.

Granting that an objection based upon the assumption of fact drawn by my learned associates may be urged to a complaint, I am of the opinion that it must be urged otherwise than by a general demurrer, and in the lower court, before it can properly be considered here. If any other practice is sanctioned, it may result in grievous wrong.

### ON PETITION FOR REHEARING

*Per Curiam:*

Petition for rehearing denied.