[No. 2374]

J. B. DIXON, APPELLANT, *v.* CITY OF RENO, GEORGE C. BRYSON, AND JOHN D. HILL–HOUSE, RESPONDENTS.

[195 Pac. 333]

1. COSTS—APPELLANT NOT ALLOWED COST ON AFFIRMANCE, THOUGH HE WAS GIVEN PERMISSION TO AMEND.

    Where appellant filed a cost bill under court rule 6, subd. 2, and respondents objected under subdivision 3, the clerk's ruling against allowing costs must be upheld where the judgment against appellant was affirmed, but the court merely ex gratia remanded the cause with leave to plaintiff to amend, since such judgment did not give appellant relief justifying allowing him costs under Rev. Laws, 5381, subd. 2.

ACTION by J. B. Dixon against the City of Reno and others. Judgment for defendants, and plaintiff appealed, and the cause was affirmed and remanded, with permission to amend, and plaintiff filed his cost bill, which was objected to by the respondents, and refused by the clerk, and plaintiff appeals. **Decision of clerk affirmed.**

*J. B. Dixon,* for Appellant:

There was a final judgment against appellant, but

under the opinion of the court he is allowed to amend his complaint as he may be advised, which necessarily implies that the final judgment is vacated, annulled, or reversed. This is a distinct relief and advantage to appellant, and under the statute entitles him to his costs on appeal. Rev. Laws, 5376, et seq.; Mavrich v. Grier, 3 Nev. 52; Richards v. Vermilyea, 42 Nev. 294; Dixon v. S. P. Co., 42 Nev. 73.

Partial affirmance or reversal on appeal amounts practically to success for appellant. 5 Ency. Pl. & Pr. 202, 203; Jelly v. Leachman, 39 Pac. 1113; State v. Martin, 87 Pac. 1054; Colvin v. Clark, 165 Pac. 101; Young v. Extension Ditch Co., 93 Pac. 772.

*LeRoy F. Pike,* for Respondents:

The appellant is not the prevailing party, and is not therefore entitled to any relief by way of costs. It was the ruling of the clerk that appellant had not obtained relief as contemplated by the statute. Rev. Laws, 5381. The relief granted, if any, was to the respondents. This court simply stated that if appellant believed it advisable he might amend.

By the Court, SANDERS, C. J.:

Upon receipt of notice of the decision of this court in the case of Dixon v. City of Reno, 43 Nev. 413, 187 Pac. 308, the appellant therein, J. B. Dixon, within the time prescribed in subdivision 2 of rule 6 of this court, filed his cost bill as required by said rule, amounting to the sum of $66.25. Thereupon the respondents, as provided by subdivision 3 of said rule, filed and served upon appellant their objections thereto, and demanded that the clerk of this court, upon the hearing of said objections, strike the cost bill from the files. Thereafter the clerk, upon hearing and consideration of said objections, ruled "that the appellant take nothing by his memorandum of costs and expenses." The appellant, being dissatisfied with this ruling, gave written notice of appeal therefrom to this court, as provided in subdivision 3 of said rule 6.

In support of his appeal, appellant takes the position that when, as in this case, no order is made as to costs in the instances specified in the statute relative to costs on appeal, the party obtaining any relief shall have his costs, and cites section 5381 of the Revised Laws, which reads:

"In the following cases the costs of an appeal to the supreme court shall be in the discretion of the court:

"1. Where a new trial is ordered.

"2. When a judgment is modified. In the event no order is made by the court relative to the costs in the two instances mentioned in this section, the party obtaining any relief shall have his costs."

The question presented for determination is whether the appellant obtained such relief upon his appeal as entitles him to costs. By reference to our opinion in Dixon v. City of Reno, supra, it will be observed that the conclusion reached turned upon the question of whether or not the lower court had erred in sustaining respondents' demurrer to appellant's amended complaint. Our decision upon this, the only question presented, was:

"The separate demurrers to the complaint are sustained, and the case is remanded, with leave to plaintiff to amend, if deemed advisable."

From this appellant takes the position that, since the cause was remanded with leave to him to amend his complaint, if deemed advisable, he obtained from this court by his appeal such relief as entitled him to costs as contemplated in subdivision 2, section 5381; Revised Laws.

We are unable to concur in this veiw. The main—in fact, the only—question in the case was correctly determined against the contention of the appellant, namely, that the court erred in sustaining the demurrer to his amended complaint. But, being of the opinion that the complaint was such as might properly be amended, though not mentioned by appellant, we ex gratia remanded the cause, with leave to amend if, in view

of what is said in the opinion concerning his pleading, appellant deemed it advisable to amend.

The relief granted being ex gratia, we decline to allow appellant his costs, and therefore affirm the decision of the clerk.

It is so ordered.

DUCKER, J.:  I concur.

COLEMAN, J.:  I concur in the order.