STATE EX REL. O'SULLIVAN, RELATOR, v. DISTRICT COURT
OF FOURTEENTH JUDICIAL DISTRICT, IN AND FOR
WHEATLAND COUNTY ET AL., RESPONDENTS
No. 8680
Submitted September 17, 1946. Decided September 26, 1946.
172 Pac. (2d) 816

Mr. Emmet O'Sullivan, of Harlowton, per se, for relator.

Mr. John J. Cavan, of Harlowton, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

After the decision of this court in the case of the Application of O'Sullivan, 117 Mont. 295, 158 Pac. (2d) 306, 161 A. L. R. 487, contending that he was the successful party therein within the meaning of section 9791, Revised Codes, relator filed his bill of costs in the respondent court against L. L. Kolberg, Mayor, Oscar A. Ratzlaff, James M. Staley, O. O. Ortwein, Howard Ahrens, C. E. Stephens, and Edward A. Swanz, Aldermen, and the city of Harlowton, covering his costs in this court.

On motion of the city and the named individuals, the court struck the memorandum of costs from the files. This proceeding seeks to have the court's order annulled and set aside.

The motion to strike the cost bill was based upon two grounds but we find it necessary to consider but one of the grounds, viz., that of whether relator was a successful appellant in this court. A study of the opinion of this court in the above cited case will disclose that relator was not the successful party therein. This court had upheld the Veterans' Preference Act, Laws 1937, c. 66, in Horvath v. Mayor of City of Anaconda, 112 Mont. 266, 116 Pac. (2d) 874. Chapter 160, Laws of 1943, amended the Act in some particulars. Relator contended that that part of Chapter 160 which denied to the city and its officers the right to be heard in court on the question of the reasons for their refusal to appoint a veteran was valid. That was the only point involved in the case. The lower court held against relator and this court agreed with the lower court on that point and held that Chapter 160 being invalid so far as it deprived the city and its officers of the right to be heard, did not repeal the prior law held valid in the Horvath case.

The district court ordered the dismissal of relator's petition, whereas this court stated [117 Mont. 295, 158 Pac. (2d) 310], "Under the circumstances, however, since Chapter 66 [being Chapter 66, Laws of 1937] is valid and still in effect so far as notice and an order to show cause is concerned, we reverse the order dismissing the proceedings and remand the cause, with directions for the lower court to permit petitioner to amend his petition so as to bring it within Chapter 66 as interpreted in the Horvath case, * * *."

The action of this court did not give relator any substantial right which he did not already have.

In other words, had we affirmed the order of the district court, relator could have filed a new petition under Chapter 66.

All that this court's order accomplished was to permit the petition already filed to be amended and thereby save to relator the expense of filing a new petition.

It did not give relator a substantive right which operated to make him the successful party under section 9791, Revised Codes. Compare International B. M. Corp. v. Lewis and Clark County, 111 Mont. 384, 393, 112 Pac. (2d) 477, particularly the opinion on motion for rehearing. He did not seek the right to amend which the court gave him but the court granted this right of its own motion.

This case is no different in principle from that of Dixon v. City of Reno, 44 Nev. 350, 195 Pac. 333. In that case the lower court had sustained a demurrer to plaintiff's complaint. Plaintiff filed an amended complaint and demurrer was sustained to it and judgment was entered in favor of defendants. The Supreme Court held the complaint insufficient and thus sustained the district court, but in its decision granted leave to plaintiff to amend, if deemed advisable. Dixon v. City of Reno, 43 Nev. 413, 187 Pac. 308. Plaintiff thereupon filed a cost bill on the theory that he had obtained relief. The statute there involved allowed costs to a party "[obtaining] any relief." Rev. Laws 1919, sec. 5381. Objection to the cost bill was sustained by the lower court and the Supreme Court of Nevada,

in 44 Nev. 350, 195 Pac. 333, 334, said: "The main—in fact, the only—question in the case was correctly determined against the contention of the appellant, namely, that the court erred in sustaining the demurrer to his amended complaint. But, being of the opinion that the complaint was such as might properly be amended, though not mentioned by appellant, we ex gratia remanded the cause, with leave to amend if, in view of what is said in the opinion concerning his pleading, appellant deemed it advisable to amend.

"The relief granted being ex gratia, we decline to allow appellant his costs, and therefore affirm the decision of the clerk."

The court was right in striking relator's cost bill from the files.

The writ applied for is denied.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair and Cheadle concur.