ROBERT M. ROUNDS, Plaintiff and Appellant, v. F. J.
BUCHER and COMMERCIAL INSURANCE COMPANY,
a Corporation, Defendants and Respondents.

No. 9966.

Submitted January 11, 1960. Decided March 11, 1960.

349 Pac. (2d) 1026.

40

Ralph J. Anderson, Stanley P. Sorenson, Helena, Ralph J. Anderson argued orally for appellant.

Charles E. Marshall, McKenna & Ronish, Lewistown, J. E. McKenna and Donald E. Ronish argued orally for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an action for false imprisonment brought by the plaintiff against the sheriff of Fergus County and the surety on his official bond. At the conclusion of plaintiff's case, the defendants made a motion for nonsuit which was sustained by the district court. This appeal is from the judgment of dismissal.

On October 20, 1956, plaintiff sent a check to Eck's Pharmacy, Lewistown, Montana, in payment for certain drugs which he had ordered. This check was signed "Robt. M. Rounds" and was drawn on the Midland National Bank of Billings, Montana. Plaintiff testified that he had funds in the bank sufficient to cover this check under the name of R. M. Rounds. The bank returned the check unpaid and on one of their forms checked the reason as "signature".

On December 6. 1956, a warrant of arrest was issued charging plaintiff with a misdemeanor. Plaintiff was arrested by the sheriff of Meagher County at about 12:30 p. m. on Saturday, January 19, 1957. He stayed in the Meagher County jail until about 4:00 p. m. when the defendant Bucher arrived to take him back to Lewistown. They arrived in Lewistown about 6:00 p. m. of the same day and plaintiff was placed in the Fergus County jail. He was not taken before the justice of the peace who issued the warrant until sometime between 11:00 a. m. and noon on Monday, January 21, 1957.

Plaintiff urges error by the trial court in two particulars: 1. That the trial court erred in sustaining defendants' motion for nonsuit, and 2. That the court erred in denying plaintiff's motion to strike certain allegations from defendants' answer.

Proof introduced by the plaintiff showed his arrest, his imprisonment and his subsequent appearance before the magistrate, who testified as follows:

"Q. And were you Justice of the Peace in January of 1957? A. Yes, sir.

"Q. And you still are? A. Yes, sir.

"Q. Now, Mr. Sharp, do you reside here in Lewistown? A. Yes, sir.

"Q. And what is your practice as to when you arrive at your office in the morning? A. Well, suppose to get up there at 9:00 o'clock, but sometime five or ten minutes late; if there's anything doing I stay and if there's nothing doing, I go downtown * * *".

Plaintiff relies upon the rule that "upon a motion for non-suit, the evidence must be taken in the light most favorable to plaintiff, and deemed to establish whatever it fairly tends to prove; every legitimate inference that may be drawn from the facts is to be considered in plaintiff's favor; no cause should ever be withdrawn from the jury unless the conclusion from the facts necessarily follows as a matter of law that no recovery can be had upon any view which necessarily can be drawn from the facts which the evidence tends to establish." Pyles v. Melvin (Armstrong), 84 Mont. 338, 345, 275 Pac. 753, 755, and cases cited therein.

While we recognize this rule as being well-established, in the instant case, plaintiff failed to prove one essential element of his cause of action. Plaintiff's complaint alleged "that at all times herein mentioned there was a magistrate available before whom the defendant could have been taken. The record in the case is devoid of any proof which would establish, or from which the court or the jury could draw a legitimate in-

ference, that the magistrate *was available between the hours of 9:00 and 11:00 a. m., on January 21, 1957*. The fact that the magistrate presently, at the date of trial, February 5, 1958, keeps these hours and that this is his custom now is of no help in this respect.

In Richardson v. Farmers Union Oil Co., 131 Mont. 535, 312, Pac. (2d) 134, 139, the court quoting from 20 Am. Jur., Evidence, section 210, page 208, said:

" 'The presumption of the continued existence of a person, a personal relation, or a state of things is prospective, and not retrospective. Such a presumption never runs backwards; the law does not presume, from proof of the existence of present conditions or facts, that the same facts or conditions had existed for any length of time previously.' "

The main element upon which plaintiff bases his case is defendant Bucher's unnecessary delay in taking him before a magistrate. Section 94-5912 reads in part, "The defendant must in all cases be taken before the magistrate without unnecessary delay * * *."

It is incumbent upon the plaintiff, in a suit for false imprisonment, to prove an unnecessary delay. In this state we have a statute which prescribes the hours of a justice of the peace in townships having a population over 10,000. R.C.M. 1947, section 25-306, requires the justice to keep his office open between the hours of 9:00 to 12:00 a. m. and 1:00 to 5:00 p. m. on all judicial days and allows the office to be closed from 1:00 to 5:00 p. m. on Saturdays. All acts and parts of acts in conflict with this section were repealed by section 2 of Chapter 47, Laws of 1957. A conflict arises because of section 93-402, R.C.M. 1947, which provides that "A justice's court * * * is always open for the transaction of business, except on legal holidays and nonjudicial days * * *."

We are unable to determine from the record in this case which of the above sections would apply here. If a plaintiff intends to rely upon section 93-402, he should introduce

proof to show that the size of the township is less than 10,-000. Assuming that this section would apply, we are not prepared to say, as a matter of law, that a delay from Saturday night until ordinary office hours Monday morning is an unnecessary delay. Cline v. Tait, 113 Mont. 475, 129 Pac. (2d) 89. See also Lemel v. Smith, 64 Nev. 545, 187 Pac. (2d) 169, and authorities therein cited, where the Supreme Court of Nevada, under a statute similar to section 93-402, took judicial notice of the fact that magistrate's courts are not ordinarily open between 5:00 p.m. and 10:00 a.m. the following morning.

This court in the second Cline v. Tait case, 116 Mont. 571, 576, 155 Pac. (2d) 752, 755, said: "We suggest that in order to assist the court and the jury definite evidence on this question [the availability of a magistrate] should have been produced by the party to be benefited thereby."

The party to be benefited thereby, in this case and in every ██ ██ case of false imprisonment, is the plaintiff. We deem it essential that the plaintiff, in order to make a prima facie case for the jury, prove that a magistrate was available on the particular day when the false imprisonment allegedly occurred. In the instant case, plaintiff failed to establish that the magistrate was available between 9:00 a. m. and 11:00 a. m. on January 21, 1957, and therefore he failed to establish a prima facie case entitling him to go to the jury. The motion for nonsuit was properly granted by the district court. We realize that in many cases the magistrate may have a faulty memory of events which transpired two or three years before the trial of the false imprisonment charge. He should, however, be examined as to his actions on the particular day in question and it should at least be determined what his usual practice was at or near the particular time involved.

We have carefully considered the other facts adduced in the trial court and relied upon by the parties to this appeal. Due to our conclusion that the case turns on the failure to prove the

availability of a magistrate on or about January 21, 1957, we do not consider it necessary to recite them in this opinion.

Because the nonsuit was properly granted, the motion to strike need not be considered.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICES ADAIR, ANGSTMAN, and THE HONORABLE PHILIP C. DUNCAN, District Judge sitting for MR. JUSTICE BOT-TOMLY, concur.