WILLIAM MARVIN GROVER, Appellant, v. COUNTY OF CLARK, a Political Subdivision of State of Nevada; CITY OF LAS VEGAS, a Municipal Corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER F. FRENCH, R.N. 375, Individually; OFFICER J. R. WEAVER, P.N. 659, Individually; and JOHN DOES I to X, Individually, Respondents.

No. 12222

March 19, 1981

625 P.2d 85

*Michael L. Hines,* Las Vegas, for Appellant.

*Cromer, Barker & Michaelson,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant was arrested for a violation of NRS 201.220. The criminal charges were dropped. He then filed suit seeking damages against the above named respondents for false arrest and for alleged excessive force used against him during his arrest. Respondents were granted summary judgment on both causes of action. This appeal followed. We agree that summary judgment was properly granted as to the claim predicated on the arrest for lack of probable cause; however, the record does not support the court's ruling that summary judgment should have been granted dismissing appellant's claim that the officer used excessive force during the arrest.

In the instant case the arresting officer was summoned by a visibly distraught woman who claimed a man had exposed himself. She described the car, the man, and the direction the car was traveling. The officer followed her directions and located the car. The appellant was seated inside. After an on-the-spot identification by the woman, the officer arrested the appellant. "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that a felony has been committed by the person arrested." Nootenbaum v. State, 82 Nev. 329, 334, 418 P.2d 490, 492 (1966). Since there was no material question of fact presented as to the existence of probable cause to arrest, summary judgment was properly granted. NRCP 56(c); *see* Washington v. State, 94 Nev. 181, 576 P.2d 1126 (1978).

Appellant's complaint also alleged that the officer used excessive force against him during his arrest. Respondents, in

their motion for summary judgment, failed to set forth any facts suggesting that the restraint, if any, used by the officer in making the arrest was reasonable under the circumstances. Since a genuine issue of fact remains on this issue, summary judgment was improperly granted thereon. NRCP 56(c).

We therefore affirm that portion of the order granting summary judgment on the issue of probable cause to arrest, but we reverse and remand the case for trial on the appellant's claim of the use of excessive force by the officer during the appellant's arrest.