C. A. NELSON, KATHLEEN V. NELSON, AND C. A. "JACK" NELSON, CHTD., A NEVADA PROFESSIONAL CORPORATION, APPELLANTS, v. CITY OF LAS VEGAS, COUNTY OF CLARK, DAVID A. FREEMAN, BRUCE J. BLAIR, AND DONALD L. PRESBREY, RESPONDENTS.

No. 13773

June 23, 1983                                665 P.2d 1141

C. A. *Nelson,* Las Vegas, for Appellants.

*Cromer, Barker, Michaelson, Gillock & Rawlings,* and *John E. Gormley,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This case arises from the circumstances surrounding issuance of a warrant for appellant C. A. Nelson's arrest based on his failure to appear or otherwise respond to a $4.00 overtime parking ticket. Nelson seeks to hold the arresting officers, the City of Las Vegas, and Clark County liable for false arrest and false imprisonment, and his wife seeks to hold the officers and their employer liable for intentional infliction of emotional distress and battery. We hold that the warrant was valid on its face, yet void for lack of jurisdiction over Nelson, making summary judgment for the county improper; that summary judgment was inappropriate regarding the reasonableness of the delay between Nelson's arrest and his release; that Mrs. Nelson did not state facts sufficient to establish an emotional distress claim; and that her battery claim was barred by the statute of limitations. Accordingly, we affirm in part and reverse in part and remand for further proceedings consistent with this opinion.

## THE FACTS

On March 17, 1975, at approximately 11:45 a.m., Officer Freeman of the Las Vegas Metopolitan Police Department stopped attorney C. A. "Jack" Nelson on Casino Center Boulevard. Nelson was driving home with his wife, Kathleen. Freeman had a bench warrant for Nelson's arrest that had been issued by Judge Legakes for Nelson's failure to respond to a parking ticket. The warrant appeared valid and regular on its face, although the judge's signature was stamped on the document.

Freeman, in compliance with police department policy, refused Nelson's offer to post the $29 bail at that time. He summoned a squad car manned by Officers Blair and Presbrey to transport Nelson to the county jail for processing. Freeman also told Mrs. Nelson to leave the scene; she was not allowed to retain the car, which was impounded.

At the county jail, following another unsuccessful request to post bail, Nelson was strip searched, fingerprinted, and photographed. His secretary then posted his $29 bail. He was released approximately two hours after his arrest. When the matter came to trial, the charges were dropped, and Nelson's bail was returned.

Nelson then sued respondents, alleging false arrest and false imprisonment. Mrs. Nelson joined in the complaint, alleging intentional infliction of emotional distress. After her cause of action was dismissed, she amended the complaint to allege battery.

The county admitted during discovery that notice of the parking violation was not given to Nelson by personal service, mail, or telephone, and that Nelson should have been given notice. Moreover, the parking citation on which the bench warrant was based did not specify that the driver must answer to the charge against him within ten days, as required by Clark County Code § 14.64.060. Nelson by affidavit states that he never received any notice of the parking violation.

On proper motion the district court granted summary judgment for respondents on the false arrest issue, denied summary judgment for respondents on the issue of whether the time span between Nelson's arrest and release was unreasonable, ruled that Kathleen Nelson's action for battery was barred by the statute of limitations, and denied summary judgment for appellants on all issues. Following our dismissal of Nelson's appeal of that order as improper, the district court on proper motion granted summary judgment for respondents on the remaining false imprisonment issue. Appellants had stipulated to the order to gain prompt review of all issues in the case.

## THE ARRESTING OFFICERS

A police officer is not liable for false arrest or imprisonment when he acts pursuant to a warrant that is valid on its face. Strung v. Anderson, 529 P.2d 1380 (Mont. 1975). *See* Brendel v. County of Pima, 591 P.2d 77 (Ariz.App. 1979); Clipse v. Gillis, 582 P.2d 555 (Wash.App. 1978); J. Dooley, 3 Modern Tort Law § 42.13 at 190-91 (1977). The facially valid warrant provides the "legal cause or justification" for the arrest, in the same way that an arrest made with probable cause is privileged and not actionable. *See* Hernandez v. City of Reno, 97 Nev. 429, 634 P.2d 668 (1981); Grover v. County of Clark, 97 Nev. 104, 625 P:2d 85 (1981); Cullison v. City of Peoria, 584 P.2d 1156 (Ariz. 1978).

In the instant case, the warrant appeared regular in form, although the signature had been made by a rubber stamp. Appellants provide no authority indicating that a facsimile signature does not satisfy NRS 171.108.[1] Respondents accompanied their summary judgment motion with an affidavit indicating that Judge Legakes has adopted this facsimile signature as his regular signature on bench warrants. There is no competent evidence in the record indicating that Judge Legakes did not review the warrant. As the bench warrant was valid on its face, Officers Freeman, Blair, and Presbrey may not be held liable for Nelson's arrest.

Appellants contend that the warrant was void on its face because a parking violation is not criminal. This contention lacks merit. The ordinance governing the June 1974 citation in issue made any violation of the ordinance, including overtime parking, a misdemeanor. Clark County Ordinance 185 §§ 6, 8 (1963) (codified at Clark County Code § 20.08 (1966)).[2] Moreover, the warrant was issued for Nelson's failure to appear, not for the parking violation. Under the county's general traffic laws, overtime parking is a misdemeanor, and a warrant will issue if a driver fails to comply with a citation issued to the vehicle he was using. Clark County Code §§ 14.40.030-14.40.050, 14.64.060-14.64.080 (1966).

## THE ISSUER OF THE WARRANT

The issuer of the warrant is protected against false arrest and imprisonment claims where the warrant is regular in form and the issuer has authority over the described offense and jurisdiction over the person named in the warrant, even if the warrant was issued erroneously. There is no "false imprisonment" where the accused is imprisoned under valid legal process. Catrone v. 105 Casino Corp., 82 Nev 166, 414 P.2d 106 (1966); Dixon v. City of Reno, 43 Nev. 413, 187 P. 308 (1920); Cullison v. City of Peoria, 584 P.2d 1156 (Ariz. 1978).

---

[1]NRS 171.108 provides in relevant part as follows:

The warrant of arrest is an order in writing in the name of the State of Nevada which shall:

1. Be signed by the magistrate with his name of office.

[2]This ordinance was amended in 1975 to provide a schedule of fines for particular parking violations, and to indicate that an arrest warrant would issue if a traffic citation was ignored for more than thirty days. Clark County Code § 20.08.240 (1976).

In the instant case, however, a lack of notice prevented the justice's court from gaining jurisdiction over C. A. Nelson, the person named in the warrant. The incomplete traffic citation was not an adequate summons. The county admitted that it had not given notice to Nelson in any other way. The district court therefore erred in granting summary judgment for all respondents on the false arrest issue. We therefore reverse the grant of summary judgment as to the county, and remand for trial concerning the extent of the county's responsibility for the invalid warrant and Nelson's damages.

## THE POST-ARREST DELAY

Even if an arrest is made pursuant to valid legal process and therefore unactionable, imprisonment following the arrest may under some circumstances become unlawful. Kellogg v. State, 621 P.2d 133 (Wash. 1980). Generally, a person who makes an arrest, or his principal or employer, is liable for false imprisonment if he fails to take the arrested person before a court or magistrate within a reasonable time or without unnecessary delay. *See* Lemel v. Smith, 64 Nev. 545, 187 P.2d 169 (1947); State v. Gilbert, 467 P.2d 63 (Ariz. 1970); Annot., 98 A.L.R.2d 966, 971 (1964). However, even if a delay becomes unreasonable, only the officers who actively participate in the unlawful detention (or their principals or employers) are liable for false imprisonment. Lemel v. Smith, *supra;* Plancich v. Williamson, 357 P.2d 693 (Wash. 1960).

The plaintiff in a false imprisonment action bears the burden of proving that the delay following his valid arrest was unlawful. *See* Hernandez v. City of Reno, 97 Nev. 429, 634 P.2d 668 (1981); Rounds v. Bucher, 349 P.2d 1026 (Mont. 1960). A few hours may constitute an unnecessary delay; whether the defendant proceeded with due diligence depends on the circumstances of the particular case. Lemel v. Smith, *supra;* Annot., 98 A.L.R.2d at 991-99. *See* Madsen v. Hutchison, 290 P. 208 (Idaho 1930) (delay of five hours after arrest on warrant unreasonable as matter of law where magistrates available during that time and no countervailing circumstances shown). The trier of fact should resolve the question of unnecessary delay whenever the facts are disputed. It becomes a question of law for the court only when all the facts are conceded or clearly established. Lemel v. Smith, *supra;* Anderson v. Foster, 252 P.2d 199 (Idaho 1953); Annot., 98 A.L.R.2d at 993-96.

The district court properly ruled in the first instance that summary judgment was inappropriate concerning the reasonableness of the delay between Nelson's arrest and his release. The rationales for the police department and county policies and actions in this case are not clearly set forth in the parties' affidavits, and the trier of fact ultimately must balance these reasons against Nelson's strong desire and obvious ability to post the $29 bail without delay. The district court eventually granted summary judgment to respondents on this issue on the basis of appellants' stipulation. We reverse this grant of summary judgment and remand for trial on the reasonableness of the delay as to all parties except Officer Freeman. Freeman's potential liability for delay ceased when he promptly turned Nelson over to the officers who were responsible for taking Nelson to jail.[3]

## THE EMOTIONAL DISTRESS CLAIM

To recover for the intential infliction of emotional distress, a plaintiff must establish the following elements: (1) that the defendant's conduct was extreme and outrageous; (2) that the defendant either intended or recklessly disregarded the causing of emotional distress; (3) that the plaintiff actually suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually or proximately caused the distress. Star v. Rabello, 97 Nev. 124, 625 P.2d 90 (1981). Recovery by a third party witness to the outrageous act is allowed if the third party is a close relative of the person against whom the outrage is directed. Most third party recoveries have been allowed where the defendant's conduct was not only outrageous but unquestionably violent and shocking. Id.; Prosser, Handbook of the Law of Torts § 12 at 62 (4th ed. 1971). The less extreme the outrage, the more appropriate it is to require evidence of physical injury or illness from the emotional distress. See Prosser, supra, at 60.

In the present case, Kathleen Nelson did not allege facts indicating that the officers intended or recklessly disregarded the causing of emotional distress to her, nor did she allege that

---

[3]We express no opinion as to the liability of the other officers or the city as their employer; their liability will depend on a showing at trial that the delay was unlawful and that they improperly contributed to the delay. If the officers did no more than follow departmental policy, they may not be liable at all.

their conduct caused her any physical injury or illness. Under the circumstances of this case, the district court did not err in dismissing Kathleen Nelson's infliction of emotional distress claim.[4]

## THE BATTERY CLAIM

The district court held Kathleen Nelson's claim for battery barred by the two-year statute of limitations. *See* NRS 11.190(4)(c). She made the battery allegation in appellants' Second Amended Complaint, which was filed over four years from the occurrence of the alleged battery. NRCP 15(c) states as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

If the original pleadings give fair notice of the fact situation from which the new claim for liabiility arises, the amendment should relate back for limitations purposes. Deal v. 999 Lakeshore Association, 94 Nev. 301, 579 P.2d 775 (1978); Rosenberg v. Martin, 478 F.2d 520 (2d Cir.), *cert. denied,* 414 U.S. 872 (1973).

On the other hand, where an amendment states a new cause of action that describes a new and entirely different source of damages, the amendment does not relate back, as the opposing party has not been put on notice concerning the facts in issue. Rosenberg v. Martin, *supra* (where state prisoner's original complaint in civil rights action did not suggest claim of physical assault, amendment adding such claim does not relate back, and is barred by statute of limitations). *See* Mauian Hotel, Inc. v. Maui Pineapple Co., 481 P.2d 310 (Hawaii 1971). As the court noted in Raven v. Marsh, 607 P.2d 654, 656 (N.M.App. 1980),

> [t]he liberality with which Rule 15 is to be viewed applies mainly to the manner in which the court's discretion shall

---

[4]Kathleen Nelson also failed to allege facts sufficient to establish a cause of action for negligent infliction of emotional distress, as the basis of her recovery would be the defendant's liability in negligence. *See* Keck v. Jackson, 593 P.2d 668 (Ariz. 1979); Dillon v. Legg, 441 P.2d 912 (Cal. 1968); J. Dooley, 1 *Modern Tort Law* §§ 15.06, 15.10 at 373-76, 380-83 (1982).

. be exercised in permitting amended pleadings. [Citation omitted.] It does not permit us to so liberalize limitation statutes when new facts, conduct and injuries are pleaded, that the limitation statutes lose their meaning. [Citations omitted.]

Appellants' original complaint and first amended complaint gave absolutely no indication that a claim for battery existed. They did not allege any physical contact whatsoever between the officers and Kathleen Nelson. The district court properly held the battery claim barred by the statute of limitations.

## CONCLUSION

We have determined that because of lack of notice to Nelson, the justice's court was without jurisdiction to issue the warrant for Nelson's arrest, making summary judgment for the county on the false arrest issue erroneous. We have also found that summary judgment is improper as to all parties except Officer Freeman concerning the reasonableness of the delay between Nelson's arrest and his release. We therefore affirm in part and reverse and remand in part for further proceedings consistent with this opinion.