5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Boris POLIKSZA, Plaintiff-Appellant,
v.
UNITED STATES of America; Secret Service Agent, Charles
Brewster, et al., Defendants-Appellees.
 No. 92-15105.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1993.
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-87-00501-RDF, Roger D. Foley, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before: WALLACE, Chief Judge, and D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Poliksza appeals from the district court's summary judgment dismissing both his constitutional tort claim against federal agent Brewster and his Federal Tort Claims Act claims against the United States. The district court had jurisdiction pursuant to 28 U.S.C. Secs. 1331, 1346(b). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291.
 
 
 2
 We review a summary judgment de novo. Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1306 (9th Cir.1992). Determinations of probable cause are mixed questions of law and fact and are reviewed de novo. United States v. Dunn, 946 F.2d 615, 619 (9th Cir.), cert. denied, 112 S.Ct. 401 (1991). Viewing the evidence in the light most favorable to Poliksza, we conclude that there are no genuine issues of material fact and that the district court properly applied the relevant substantive law, City of Vernon v. Southern California Edison Co., 955 F.2d 1361, 1365 (9th Cir.), cert. denied, 113 S.Ct. 305 (1992), and thus we affirm.
 
 
 3
 Poliksza was mistakenly arrested at his Las Vegas clothing store by Brewster during a false credit card sting operation. Las Vegas police had previously conducted false credit card transactions at the store with Greenberg and a partner identified only as "Alex." The store's business license listed only Poliksza and Greenberg as owners. Because Nevada Revised Statute 602.010 requires a business license to list each owner correctly, the police reasonably concluded that Alex was Poliksza. In fact, Alex Elias was a third owner not listed on the business license. Brewster, who had never met Poliksza or Alex, relied in good faith on the incorrect information supplied by the Las Vegas police to obtain a warrant for Poliksza's arrest.
 
 
 4
 Poliksza's constitutional tort claim stems from his contention that he was arrested without probable cause in violation of the Fourth Amendment. But at the time of the arrest, Brewster clearly had probable cause to arrest Alex. "When the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." Hill v. California, 401 U.S. 797, 802 (1971), quoting Hill v. California, 69 Cal.2d 550, 553 (1968). We conclude that Poliksza's arrest was supported by probable cause because Brewster reasonably mistook him to be Alex. "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment...." Id. at 804. We need not address whether Brewster was entitled to qualified immunity.
 
 
 5
 Poliksza also asserts false arrest and imprisonment, malicious prosecution, and invasion of privacy under the Federal Tort Claims Act. Because Poliksza's arrest was supported by probable cause, these claims may be dealt with summarily. In Nevada, probable cause is a defense to false arrest and imprisonment, Nelson v. City of Las Vegas, 99 Nev. 548, 552, 665 P.2d 1141, 1143-44 (1983), and absence of probable cause is a necessary element of malicious prosecution. Catrone v. 105 Casino Corp., 82 Nev. 166, 168, 414 P.2d 106, 107-08 (1966). Finally, Poliksza provides no authority to support his assertion that the United States had a duty, under either the Constitution or Nevada law, to set the record straight or to stop the media from publishing news of his arrest. These unsupported assertions are without merit.
 
 
 6
 AFFIRMED.