86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Alan PETERSON, Plaintiff-Appellant,
v.
Dominic P. GENTILE, and his marital community and the Law
Firm of Gentile, Porter & Kelesis; Doe, John,
unknown and unnamed legal malpractice
insurer(s), Defendants-Appellees.
 No. 95-17026.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Allen Paterson appeals pro se the district court's summary judgment in his diversity action for legal malpractice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.
 
 
 3
 We review a district court's summary judgment de novo. See Damron v. Herzog, 67 F.3d 211, 213 (9th Cir.1995), cert. denied, 116 S.Ct. 922 (1996). Viewing evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact. Id.
 
 
 4
 Peterson contends that the district court erred by holding that he failed to produce evidence to establish any damages resulting from the alleged misconduct of his former counsel Dominic P. Gentile and his law firm ("Gentile"). We agree. Assuming Gentile's liability as did the district court, we reverse the district court's summary judgment on this issue because there is a genuine issue of material fact as to the amount of damages. See id.
 
 
 5
 Peterson also contends that the district court erred by finding that he failed to present a genuine issue of material fact as to his intentional infliction of mental distress claim. This contention lacks merit because Peterson did not allege facts indicating that Gentile acted recklessly in his representation of Peterson, nor did Peterson show any evidence of extreme emotional distress. See Nelson v. City of Las Vegas, 665 P.2d 1141, 1145 (Nev.1983) (per curiam). Therefore, the district court properly entered summary judgment on this claim. See Damron, 67 F.3d at 213; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (holding that summary judgment is required against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case").
 
 
 6
 Peterson's contention that he was entitled to a refund of costs he had advanced to Gentile also fails. Gentile produced an itemized billing statement and a copy of a check made to Peterson representing the remaining balance in Peterson's trust account. Peterson did not set forth specific facts to refute any itemized charges. See Damron, 67 F.3d 211; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (stating to survive summary judgment, non-moving party must set forth specific facts showing there is a genuine issue for trial).[1]
 
 
 7
 Each party shall bear its own costs on appeal.
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Peterson contends that the district court did not apply a liberal standard in reviewing his complaint. The record does not support this contention