Magdalena ZELAYA, Plaintiff–Appellant,

v.

EASTERN & WESTERN HOTEL CORP., a Nevada corporation dba Hotel San Remo Casino & Resort, Defendant–Appellee.

No. 99–16179.
D.C. No. CV–96–00989–DWH (RLH).

United States Court of Appeals, Ninth Circuit.

Argued Feb. 12, 2001.

Submission Deferred Feb. 12, 2001.

Submitted Feb. 20, 2001.

Decided March 5, 2001.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Magdalena Zelaya ("Zelaya") appeals from the summary judgment in favor of defendant Eastern & Western Hotel Corporation, dba, Hotel San Remo Casino & Resort ("Hotel").

### I

In her first claim for relief, Zelaya contends that her supervisor, Frederick Asuncion, subjected her to a series of verbal sexual advances throughout her employment at the Hotel in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-(2)(a)(1). Zelaya relies on three statements made by Asuncion. On the first occasion, Zelaya asked Asuncion if she could leave work at 3:00 p.m. instead of 5:00 p.m. Asuncion told her, "You know what the conditions are for you to leave early." On the second occasion, Asuncion stated: "Did you decide to go out with me? It has been a long time now that I have been asking you to go out with me and to do something." Zelaya replied that she was a married woman and that it would "go bad for him" if she told her husband. Asuncion stated that if she told her husband about his request, she would lose her job and she would never get another job. On the third occasion, Zelaya stated that she was going to tell her husband. Asuncion grabbed her key and told her to go home. Zelaya rejected each of Asuncion's sexual propositions.

The facts Zelaya alleges do not demonstrate a triable issue as to whether quid pro quo harassment occurred. Asuncion did not offer to promote Zelaya, raise her pay, or grant her an employment benefit if she accepted his requests. Nor did he threaten to fire her if she refused. Asuncion's only threat was to fire her if she told

of this circuit except as may be provided by 9th Cir. R. 36–3.

her husband about Asuncion's request for sexual favors. He did not fulfill this threat because Zelaya resigned. *See Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 754, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) ("Because Ellerth's claim involves only unfulfilled threats, it should be categorized as a hostile work environment claim which requires a showing of severe or pervasive conduct.").

▬▬ The evidence presented by Zelaya was sufficient to establish a prima facie case of a hostile work environment because Asuncion's repeated propositions were uninvited, unwelcome, and offensive to a reasonable woman. *See Ellison v. Brady,* 924 F.2d 872, 879 (9th Cir.1991) (adopting a reasonable woman standard for evaluating hostile environment claims). However, because Zelaya has not raised a triable issue as to whether Asuncion's workplace harassment culminated in a tangible employment action, the affirmative defense to employer liability set forth in *Ellerth,* applies to this case.[1] The undisputed facts demonstrate that the Hotel has satisfied both elements of the affirmative defense as a matter of law. First, the Hotel exercised reasonable care to prevent Asuncion's alleged harassment by posting a reasonable anti-harassment policy in Spanish and in English in multiple locations accessible to the housekeeping staff. *Ellerth,* 524 U.S. at 765, 118 S.Ct. 2257. Second, Zelaya's failure to report Asuncion to the Hotel was unreasonable in light of the undisputed fact that Zelaya brought other employment-related complaints to a Span-ish-speaking employee in the Hotel's human resources department. *Id.*

## II

In her complaint, Zelaya alleged a "claim for relief" for discrimination on the basis of Nevada law. The district court entered judgment for the Hotel on this claim. Zelaya makes no reference to the state law claim for sex discrimination in the briefs she filed in this court. Accordingly, she has abandoned this claim. *See* Fed. R.App. P. 28(a)(9). Zelaya has also waived her assault claim and her appeal of the district court's denial of her motion to reconsider the summary judgment by failing to cite to supporting authority in her briefs before this court. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1993).

## III

▬▬ The district court correctly noted Zelaya did not allege a claim for relief in her complaint under Nevada law for intentional infliction of emotional distress. Nevertheless, the parties have acted as if it were properly pleaded. Under Nevada law, to support a judgment for intentional infliction of emotional distress, the plaintiff must demonstrate, inter alia, "(1) that the defendant's conduct was extreme and outrageous, (2) that the defendant either intended or recklessly disregarded the causing of emotional distress." *Nelson v. City of Las Vegas,* 99 Nev. 548, 555, 665 P.2d

---

1. We reject Zelaya's two threshold arguments regarding the applicability of the affirmative defense. First, the Hotel preserved the affirmative defense for appeal by raising it in a motion prior to trial. *Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993). Second, we decline Zelaya's request to remand this case for an expansion of the record because the record is sufficiently developed to evaluate the applicability of the affirmative defense.

*Bradley v. School Board of City of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) ("[A] court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice."); *Faragher v. City of Boca Raton,* 524 U.S. 775, 808, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (evaluating the applicability of the affirmative defense without remanding because record was clear).

1141 (1983). We reject Zelaya's emotional distress claim because she failed to raise a triable issue as to whether Asuncion's clumsy and ineffective attempts at seduction constituted extreme and outrageous conduct, or that he intended to inflict emotional distress, or recklessly disregarded the possibility that his comments would do so. *Id.*

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.