**Elsa STROBEL, Plaintiff—Appellant,**

v.

**Scott KAVON; et al., Defendants—Appellees.**

**No. 04–16379.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.[*]

Decided April 22, 2005.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David L. Phillips, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Walter R. Cannon, Esq., Peter M. Angulo, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Elsa Strobel appeals the district court's summary judgment in favor of defendants in her 42 U.S.C. § 1983 action alleging defendants violated her Fourth Amendment rights and caused her emotional distress in seizing her property as evidence of the crime of living off earnings from prostitution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Brydges v. Lewis,* 18 F.3d 651, 652 (9th Cir.1994) (per curiam). We affirm.

The district court properly granted defendants' unopposed motion for summary judgment. *See Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir. 1993) (where plaintiff fails to oppose mo-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion for summary judgment, moving party must support the motion with sufficient papers which do not on their face reveal a genuine issue of material fact). Detective Vigna's affidavit supporting his application for a search warrant shows probable cause to search Strobel's home. *See United States v. Bridges,* 344 F.3d 1010, 1015 (9th Cir.2003). Moreover, the second warrant allowing for the seizure of Strobel's property was not overbroad. *See United States v. Rude,* 88 F.3d 1538, 1551 (9th Cir.1996) (the finding that a business is "permeated with fraud" is sufficient to justify a broad seizure).

■ Summary judgment was also properly granted in favor of Las Vegas Metropolitan Police Department, because there is no evidence defendants were acting pursuant to Department policy or custom. *See King County v. Rasmussen,* 299 F.3d 1077, 1089–90 (9th Cir.2002) (*Monell* liability is appropriate only where individual officers acted "pursuant to a local policy, practice or custom").

■ Moreover, Strobel lacks standing to seek equitable relief because she does not allege any "real or immediate threat" of being arrested under the challenged procedures. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *see also Hodgers–Durgin v. de la Vina,* 199 F.3d 1037, 1041–43 (9th Cir.1999) (en banc) (noting parties generally have no standing to request a prohibition against the enforcement of valid criminal laws against them, and discussing the "likelihood of substantial and immediate irreparable injury" requirement for plaintiffs seeking equitable relief).

■ Finally, summary judgment was proper as to Strobel's state law intentional infliction of emotional distress claim, be-cause there is no evidence that defendants' conduct was intended to cause Strobel emotional distress, or that it caused her physical injury. *See Nelson v. City of Las Vegas,* 99 Nev. 548, 665 P.2d 1141, 1145–46 (1983) (per curiam).

We are not persuaded by Strobel's contention that it was improper for the district court to allow defendants to file a second motion for summary judgment after they remedied the evidentiary defects in their original motion.

Appellees' request for attorney's fees and costs is denied without prejudice to refiling in accordance with Fed. R.App. P. 38.

AFFIRMED.