**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDI KRAJA, | No. 17-16105 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01983-APG-NJK |
| v. | |
| BELLAGIO, LLC; VINCENT ROTOLO, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Andi Kraja appeals from the district court's summary judgment in his

employment discrimination action alleging federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Davis v. City of Las
Vega*s, 478 F.3d 1048, 1053 (9th Cir. 2007).  We reverse and remand.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court granted summary judgment on Kraja's intentional infliction of emotional distress ("IIED") claim because it concluded that Kraja failed to establish, as a matter of law, that defendants' conduct could be considered extreme and outrageous. However, viewing the evidence in the light most favorable to Kraja, Kraja raised a genuine dispute of material fact as to whether defendants' conduct could constitute extreme and outrageous conduct with the intention of, or reckless disregard for, causing emotional distress. *See Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983) (elements of an IIED claim under Nevada law); *see also Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993) (discussing situations in which the question of what constitutes extreme and outrageous conduct was a question reserved for a jury). We reverse the district court's summary judgment on Kraja's IIED claim, and remand for further proceedings on this claim only.

**REVERSED and REMANDED.**

17-16105