**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, | Nos. 17-17282 |
| Plaintiff-Appellant, | 18-15591 |
| v. | D.C. No. 2:16-cv-02313-JCM-CWH |
| EMPIRE FIRE AND MARINE INSURANCE COMPANY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeals from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 15, 2018[**]

Before:      FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

In these consolidated appeals, Wendell Dwayne O'Neal appeals pro se from

the district court's judgment dismissing his action alleging federal and state law

claims, and its post-judgment order imposing a pre-filing restriction on him as a

vexatious litigant. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part and vacate in part.

Dismissal of O'Neal's federal claims was proper because O'Neal failed to allege facts sufficient to state a plausible claim. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a § 1983 claim); *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) (elements of a § 1981 claim outside of an employment context); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168-69 (9th Cir. 2005) (the absence of a deprivation of rights under § 1983 precludes a § 1985(3) claim premised on the same allegations); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) (no cause of action under § 1986 absent a valid § 1985 claim).

The district court properly dismissed O'Neal's intentional infliction of emotional distress ("IIED") claim because O'Neal failed to allege facts sufficient to show extreme or outrageous conduct. *See Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983) (per curiam) (elements of an IIED claim under Nevada law).

The district court found that O'Neal filed numerous frivolous motions in this action that unnecessarily delayed the proceedings, and observed that O'Neal had been declared a vexatious litigant in state court. However, the district court did not make explicit substantive findings as to the frivolousness of O'Neal's prior filings or narrowly tailor the scope of its pre-filing order. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-61 (setting forth standard of review and describing federal requirements for a pre-filing order based on a vexatious litigant determination). We therefore vacate the district court's April 4, 2018 order to the extent that it deems O'Neal a vexatious litigant and imposes a pre-filing restriction. In all other respects, we affirm.

We reject as without merit O'Neal's contentions regarding the district court's jurisdiction to rule on defendants' post-judgment motion to designate O'Neal a vexatious litigant and judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009), and we do not consider arguments incorporated by reference into the briefs, *see Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

All pending motions and requests are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part.**